IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| MICHAEL FORD, #557415 | § |
| | § |
| V. | § CIVIL ACTION NO. G-02-626 |
| | § |
| PHILLIP JONES, ROBERT FORD, & | § |
| GREGORY WINGATE | § |

**REPORT AND RECOMMENDATION**

On August 26, 2004, an Order of Dismissal and Final Judgment were entered by Order of the District Court. Plaintiff subsequently appealed the dismissal to the United States Court of Appeals for the Fifth Circuit. On November 14, 2005, Plaintiff's retaliation claim was remanded to this Court for further adjudication. Now before the Court is Defendants' Motion for Summary Judgment, to which Plaintiff has filed a response. Having reviewed all relevant pleadings and summary judgment evidence, this Court makes the following recommendation to the District Court.

Plaintiff alleges that on February 1, 2002, he was escorted out of his administrative segregation cell to outside recreation by Defendant Ford. Ford tried to obtain a jacket for Plaintiff, but none were available for ad-seg inmates, so Plaintiff requested to see a supervisor. Ford summoned Defendant Wingate, who informed Plaintiff "they haven't had jackets all winter, and every time we ask Captain Dugger he tells us their [sic] not giving Ad. Seg jackets."[1] Plaintiff again requested to speak to a supervisor, and Defendant Jones was summoned. Jones reiterated that no jackets were available that day for ad-seg inmates, and he refused to return Plaintiff to his cell at that particular time. Plaintiff became angry, threatened to file another grievance, and alleges that Jones

---

[1] Plaintiff's Original Complaint, p. 60 (bates).

1

left him outside in 45-degree weather for approximately three hours in retaliation for his threat to file a grievance.[2]  Allegedly, other inmates were allowed to return to their cells after one hour.

With respect to Defendants Ford and Wingate, Plaintiff has wholly failed to demonstrate that either were personally involved in a retaliatory act against him.  Their actions consisted of nothing more than escorting him to recreation, trying to secure a jacket for him and notifying supervisors that Plaintiff wished to speak to them.

Personal involvement is an essential element of a civil rights cause of action and requires that Plaintiff establish an affirmative link between his injuries and Defendants' personal conduct. *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976); *see also Jett v. Dallas Indep. Sch. Dist.*, 798 F.2d 748, 758 (5th Cir. 1986), *aff'd in part and remanded in part*, 491 U.S. 701 (1989).  As stated by the Fifth Circuit in *Lynch v. Cannatella*, 810 F.2d 1363, 1377 (1987), an individual Defendant is entitled to a "specific recital" of the wrongs he is alleged to have **personally perpetrated** on the Plaintiff. Failure to indicate an individual Defendant's personal involvement in the alleged unconstitutional action is grounds for dismissing the complaint. *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986). Because no facts have been pleaded to show that either Defendant Ford or Wingate were, in any way, involved in an alleged attempt to retaliate against him, they lack the personal involvement necessary to subject them to liability under Section 1983.

With respect to Plaintiff's claim of retaliation against Defendant Jones, it is well established that prison officials may not retaliate against an inmate because that inmate exercised a right

---

[2] There is no factual evidence to support this allegation.  Medical records show Plaintiff suffered no medical consequences as a result of allegedly being left out in the cold for three hours; nor were any sick call requests filed. Grievance responses state: "Investigation disclosed that Administrative Segregation jackets are issued when you turn out for recreation, if available and needed.  Staff denies verbal abuse of forcing you to stay outside when you did not want to.  NO CORRECTIVE ACTION IS WARRANTED."

guaranteed to him under the constitution. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). To state a claim of retaliation, a prisoner must allege facts which establish (1) that he exercised a specific constitutional right, (2) the Defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006), *quoting McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Mere conclusory allegations are insufficient. *Woods,* 60 F.3d at 1166.

Plaintiff asserts that his threat to file a grievance prompted the actions of Defendant Jones to leave him outside for three hours, on one occasion, while other inmates were allowed to return to their cells. Even if Jones' actions were sufficient to establish an intent to retaliate, Plaintiff was not subjected to an "adverse retaliatory act." The Fifth Circuit has held that "[r]etaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris*, 449 F.3d at 686. In *Morris,* the Court further explained, "Some acts, though maybe motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." *Id*. Although Plaintiff construed the words and actions of Jones as retaliatory intent to silence or stymie his grievance writing, it obviously did not deter Plaintiff from continuing to file grievances or prosecuting this lawsuit. Plaintiff's claim of retaliation is wholly without merit.

For the foregoing reasons, it is the **RECOMMENDATION** of this court that Defendants' Motion for Summary Judgment (Instrument no. 75) be **GRANTED** and all claims of retaliation be **DISMISSED with prejudice as frivolous.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **November 27, 2006,** in which to have written objections **physically on file** in the Office of the Clerk.  <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300</u>.   Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___7th___ day of November, 2006.

John R. Froeschner
United States Magistrate Judge